UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RALPH BAKER,

                                        Plaintiff,

        v.                                                              9:17-CV-1270
                                                                        (GTS/TWD)

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION, et. al.,

                                        Defendants.
_____

APPEARANCES:

RALPH BAKER
14-R-1962
Plaintiff, Pro se
Woodbourne Correctional Facility
99 Prison Road
PO Box 1000
Woodbourne, NY 12788

GLENN T. SUDDABY
United States District Judge

**DECISION AND ORDER**

**I.      INTRODUCTION**

        Plaintiff Ralph Baker ("Plaintiff") commenced this action by filing a pro se Complaint

pursuant to 42 U.S.C. § 1983.  Dkt. No. 1 ("Compl.").  Plaintiff, who is presently confined at

Woodbourne Correctional Facility ("Woodbourne C.F."), has paid the full filing fee of $400.00.

Plaintiff also filed a motion for preliminary injunctive relief.  Dkt. No. 2.

## II.    INITIAL SCREENING

Under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the court should construe the

2

factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

While pro se parties are held to less stringent pleading standards, the Second Circuit has held that "district courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee." *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000). Indeed, "district courts are especially likely to be exposed to frivolous actions and, thus, have [a] need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources." *Id.* A cause of action is properly deemed frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**III.    SUMMARY OF THE COMPLAINT**[1]

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, No. 93 Civ.

---

[1]    In the Complaint, Plaintiff cites to pages and lines of the Parole Board Hearing transcript. *See* Compl., *generally*. The transcript is annexed to Plaintiff's Motion for a Temporary Restraining Order. *See* Dkt. No. 2-4.

6941, 885 F.Supp. 537, 573 (S.D.N.Y. May 8, 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)).  "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted). The Court will construe the allegations in the Complaint with the utmost leniency.  *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

Plaintiff commenced this civil rights action arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Plaintiff names five defendants in the caption and the list of parties:  DOCCS; Commissioners of Parole Tina Stanford ("Stanford"), Joseph P. Crangle ("Crangle"), and Marc Coppola ("Coppola"); and Commissioner of Correctional Services Glenn S. Goord ("Goord").  *See* Compl. at 1-3.  Plaintiff's claims are asserted against the individual defendants in their official capacity. *See id.*

In September 2014, Plaintiff was convicted of Grand Larceny, Attempted Grand Larceny, and Offering a False Instrument and sentenced to serve an aggregate term of imprisonment of four to twelve years.  Compl. at 5; Dkt. No. 2 at 1; Dkt. No. 2-4 at 27.  On December 16, 2015, Plaintiff appeared, via video conference, for a Parole Board Hearing ("the Hearing").  Compl. at 4.; Dkt. No. 2-4 at 1.  The Parole Board Panel ("the Panel") included Stanford, Crangle, and Coppola.  Dkt. No. 2-4 at 1.  During the Hearing, the Panel

4

presented questions related to Plaintiff's convictions.  Compl. at 4, 5.  The Panel denied

Plaintiff parole and ruled in favor of continued confinement  for twenty-four months.  *Id.* at 5;

Dkt. No. 2-4 at 15.  The Panel considered the seriousness of Plaintiff's offense, Plaintiff's

disciplinary and programming record, Plaintiff's demeanor during the hearing, and Plaintiff's

failure to take responsibility for his actions.[2]  Dkt. No. 2-4 at 15-16.

Construed liberally, Plaintiff claims that: (1) Defendants subjected him to an unlawful

Parole Board Hearing in violation of his constitutional rights; and (2) his Eighth Amendment

rights were violated due to deliberate indifference to his serious medical needs.  *See* Compl.

at 5.  Plaintiff seeks injunctive relief restraining defendants from "practicing, policy, and

procedure of Executive Law § 259-i and 7 NYCRR § 251.2-2."[3]  *See id.* at 5.

---

[2]    Plaintiff's next Parole Hearing is scheduled for March 2018.  *See*
http://nysdoccslookup.doccs.ny.gov (last visited Jan. 2, 2018).

[3]    Executive Law § 259-i provides, in pertinent part:

Discretionary release on parole shall not be granted merely as a reward for good conduct or efficient performance of duties while confined but after considering if there is a reasonable probability that, if such inmate is released, he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society and will not so deprecate the seriousness of his crime as to undermine respect for law. In making the parole release decision, the procedures adopted pursuant to subdivision four of section two hundred fifty-nine-c of this article shall require that the following be considered: (i) the institutional record including program goals and accomplishments, academic achievements, vocational education, training or work assignments, therapy and interactions with staff and inmates; (ii) performance, if any, as a participant in a temporary release program; (iii) release plans including community resources, employment, education and training and support services available to the inmate; (iv) any deportation order issued by the federal government against the inmate while in the custody of the department and any recommendation regarding deportation made by the commissioner of the department pursuant to section one hundred forty-seven of the correction law; (v) any current or prior statement made to the board by the crime victim or the victim's representative, where the crime victim is deceased or is mentally or physically incapacitated; (vi) the length of the determinate sentence to which the inmate would be subject had he or she received a sentence pursuant to section 70.70 or section 70.71 of the penal law for a felony defined in article two hundred twenty or article two hundred twenty-one of the penal law; (vii) the seriousness of the offense with due consideration to the type of sentence, length of sentence and recommendations of the sentencing court, the district attorney, the attorney for the inmate, the pre-sentence probation report as well as consideration of any mitigating and aggravating factors, and activities following arrest prior to confinement; and (viii) prior criminal record, including the nature and pattern of offenses, adjustment to any previous probation or parole supervision and institutional confinement.

5

## IV.    ANALYSIS

## A.    Parole Hearing

Plaintiff claims that the Panel's decision was "arbitrary and capricious" because the Panel failed to develop a Transitional Accountability Plan ("TAP") as required by Corrections Law § 71-a and failed to consider his COMPAS risk assessment.[4]  Dkt. No. 2-4 at 28, 29. Plaintiff also asserts that the Panel erroneously placed emphasis on the severity of his criminal history without considering mitigating factors including Plaintiff's conduct during incarceration.  *Id.* at 30-33.

In order to state a valid Section 1983 claim for violating the Due Process Clause of the Fourteenth Amendment, a plaintiff must allege he or she was deprived of life, liberty, or property without due process of law.  *See Bedoya v. Coughlin*, 91 F.3d 349, 351 (2d Cir.

---

N.Y. Exec. Law § 259-i.

7 NYCRR § 251-2.2 is entitled "Function of the review officer" and involves the review of misbehavior reports.  *See* N.Y. Comp. Codes R. & Regs. tit. 7, § 251-2.2.

[4]    New York Corr. Law § 71-a provides:

Upon admission of an inmate committed to the custody of the department under an indeterminate or determinate sentence of imprisonment, the department shall develop a transitional accountability plan. Such plan shall be a comprehensive, dynamic and individualized case management plan based on the programming and treatment needs of the inmate. The purpose of such plan shall be to promote the rehabilitation of the inmate and their successful and productive reentry and reintegration into society upon release. To that end, such plan shall be used to prioritize programming and treatment services for the inmate during incarceration and any period of community supervision. The commissioner may consult with the office of mental health, the office of alcoholism and substance abuse services, the board of parole, the department of health, and other appropriate agencies in the development of transitional case management plans.

N.Y. Corr. Law § 71-a.

COMPAS is a risk-assessment instrument used to "inform decision-making throughout the various phases of incarceration and community supervision."  *See* www.doccs.ny.gov (last visited Nov. 3, 2015). COMPAS is used to develop an Inmate's Case Plan or TAP, which is reviewed quarterly.  *See id.*

1996).  In *Heck v. Humphrey*, 512. U.S. 477 (1984), the Supreme Court held that a Section

1983 action seeking money damages is not cognizable if a decision in favor of the plaintiff

would necessarily invalidate a criminal conviction unless that conviction or sentence "has

been reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus[.]"

*Id*. at 486–87.[5]  "*Heck* uses the word 'sentence' interchangeably with . . . 'continuing

confinement' and 'imprisonment,' " thus, any shortening of a term of confinement will be

subject to the rule in *Heck*.  *Wilkinson v. Dotson*, 544 U .S. 74, 83–84 (2005) (quoting *Heck*,

512 U.S. at 483, 486) (other citation omitted); *see also Jude v. New York State*, No. 07 Civ.

5890, 2009 WL 928134, at *6 (S.D.N.Y. Mar. 30, 2009) (citing cases).  Indeed, an inmate's

Section 1983 action is barred by *Heck* "(absent prior invalidation)—no matter the relief sought

(damages or equitable relief), no matter the target of the prisoner's suit . . . if success in that

action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson*,

544 U.S. at 81–82 (emphasis in original); *see also Bodie v. Morgenthau*, 342 F.Supp.2d 193,

201 (S.D.N.Y. 2004) (denying plaintiff's request for injunctive relief where plaintiff sought "to

compel specific action pertaining to the content of [his] parole records").  *Heck* does not bar

1983 actions that do not "spell immediate or speedier release for plaintiff" or a request for

prospective injunctive relief.  *See Wilkinson*, 544 U.S. at 82; *Boddie v. N.Y.S. Div. of Parole*,

No. 08-CV-911, 2009 WL 1033786, at *1 (E.D.N.Y. Apr. 17, 2009).

    Plaintiff is presently in DOCCS' custody and was in DOCCS' custody when he filed this

civil action.  *See* Compl., *generally*.  While the Complaint does not include any specific

---

[5]        Absent such a showing, an inmate may only seek relief in the federal courts through a petition
for habeas corpus.  *See Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir.1999).

request for immediate release, in the motion for injunctive relief, Plaintiff seeks to overturn the Panel's decision and moves for immediate release.  *See* Dkt. No. 2-4 at 35.  To the extent that the Complaint could be construed as seeking release, Plaintiff's claims are dismissed without prejudice pursuant to *Heck*, on the ground that habeas corpus is his sole federal remedy.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *see also Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) ("habeas corpus—not a § 1983 action—provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment[.]"); *Hall v. NYS Division of Parole*, 225 F.3d 645 (table), 2000 WL 1186256 at *2 (2d Cir. Aug. 21, 2000) (suit for declaratory and injunctive relief and damages, challenging constitutionality of parole guidelines dismissed; claims could only be brought as habeas petition); *Jenkins v. Daubert*, 179 F.3d 19, 23 (2d Cir.1999) ("[W]here the fact or duration of a prisoner's confinement is at issue, § 1983 is unavailable, and only [habeas relief under 28 U.S.C .] § 2254(b) with its exhaustion requirement may be employed."); *see also Bodie*, 342 F.Supp.2d at 202 (citing *Amaker v. Weiner*, 179 F.3d at 48, 52 (2d Cir. 1999)) (dismissal is without prejudice; if a plaintiff's conviction or sentence is later declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, the suit may be reinstated).[6]

---

[6]     The Court will not sua sponte convert this action into a petition for habeas corpus relief.  *See Romer v. Travis*, No. 00 CIV 8671, 2001 WL 220115, at *3 (S.D.N.Y. Jan. 31, 2001) ("Conversion, initially justified because it harmlessly assisted the prisoner-movant in dealing with legal technicalities, may result in a disastrous deprivation of a future opportunity to have a well-justified grievance adjudicated.")

Conversely, regarding Plaintiff's request to preclude Defendants from applying the standards set forth in Executive Law § 259-i and 7 NYCRR § 251-2.2 at future parole hearings, the Court is unable to conclude that Plaintiff's due process claims would be barred by *Heck*. *See Walker v. Mattingly*, No. 09-CV-845, 2010 WL 276748, at *2 (W.D.N.Y. Jan. 20, 2010); *see also Walker*, No. 09-CV-845, Decision and Order, Dkt. No. 5 at 5 (W.D.N.Y. Oct. 29, 2009) (citing *Wilkinson* for the proposition that the plaintiff's claims challenging the procedural grounds upon which his parole was denied may be viable under § 1983).[7]

It is well established that prisoners do not have a constitutional right to parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "[T]he mere fact that [plaintiff] has been denied parole does not violate any provision of the Constitution, much less the Eighth Amendment." *Sheppard v. New York State Div. of Parole*, No. 10 CIV. 5376, 2011 WL 2610695, at *4 (S.D.N.Y. June 28, 2011). "Where a state has created a statutory scheme for parole, the Due Process Clause protects prisoners insofar as they 'have a legitimate expectancy of release that is grounded in the state's statutory scheme.' " *Barna v. Travis*, 239 F.3d 169, 170–72 (2d Cir. 2001) (per curiam) (citing *Greenholtz*, 442 U.S. at 11–13). "New York's parole scheme is not one that creates in any prisoner a legitimate expectancy of release." *Barna*, 239 F.3d at 171.

Plaintiff claims he was improperly denied parole because the Panel failed to develop a TAP, failed to consider his COMPAS risk assessment, and erroneously placed emphasis on the "severity of his offense and criminal history." *See* Compl. at 4-5; Dkt. No. 2-4 at 30. "An

---

[7]        In *Walker*, the Court noted that "[w]hile one would presume that plaintiff would be seeking his immediate release from the alleged delay in his release," the plaintiff had not pled as such. *Walker*, No. 09-CV-845, Decision and Order, Dkt. No. 5 at 5. The Court took "no position" as to the merits of the plaintiff's claims and directed the defendants to address *Heck* and *Wilkinson* in responsive pleadings. *Id.*

inmate's federally-protected liberty interest in parole release is limited to not being denied parole for arbitrary or impermissible reasons." *Villalobos v. New York Div. of Parole*, No. 09 CIV 8431, 2010 WL 3528926, at *3 (S.D.N.Y. Aug. 23, 2010) *appeal dismissed and remanded sub nom. Villalobos v. New York State Div. of Parole*, 475 F. App'x 400 (2d Cir. 2012). However, "[d]enial of parole is neither arbitrary nor capricious when the Parole Board relies on the factors defined by New York statute." *Romer*, 2003 WL 21744079, at *6 (citing *Davis v. Thomas*, 256 F. Supp. 2d 190, 191 (S.D.N.Y. 2003) ("[D]enial of parole may be justified on the basis of reasonable considerations defined by statute, including the inmate's criminal history and seriousness of the offense for which he is in custody.")) (other citation and footnote omitted). "The arbitrary or capricious reasons must be based on inappropriate consideration of a protected classification or an irrational distinction, or on any other unconstitutional grounds." *Mabry v. Cuomo*, No. 11 CIV. 4456, 2012 WL 1711549, at *2 (S.D.N.Y. May 9, 2012) (citation omitted).

With respect to Plaintiff's arguments related to TAP and COMPAS, New York Correction Law § 71-does not create a liberty interest in parole. The language in section 71-a, "relates to the existence of programs and tools, and their respective goals." *Hodge v. Griffin*, No. 13 CIV. 1977, 2014 WL 2453333, at *2 (S.D.N.Y. June 2, 2014). The statute, "does not mandate the achievement of such goals with respect to each and every inmate, nor is there [a] provision in [. . .] the statute[] for a guarantee of release upon an individual inmate's successful completion of the educational programming." *Id.* (the petitioner's argument that his right to rehabilitation was violated in connection with the denial of parole, based upon section 71-a and other sections of the New York Correction Law was meritless).

Here, the Panel relied upon "discipline and program participation, [Plaintiff's] risk and needs assessment, and [Plaintiff's] needs for successful reentry into the community."  Dkt. No. 2-4 at 15.   The Panel also considered Plaintiff's criminal history, failure to complete programming, and "poor" disciplinary  record including keep lock time and "other sanctions." *Id.* at 15-16.  The Panel concluded that Plaintiff's behavior during the hearing suggested that he was a "victim and took no responsibility for [his] actions and minimized [his] previous unlawful behavior."  *Id.* at 16.  "New York Executive Law Section 259-i, [. . .], explicitly requires Parole Boards to consider the seriousness of the inmate's crime." *Robles v. Dennison*, 449 F. App'x 51, 53 (2d Cir. 2011) (New York's courts have interpreted Section 259–i(2)(c)(A) to allow the denial of parole based on the severity of the offense of conviction); *see also Hodge*, 2014 WL 245333, at *13 ("[t]he nature of the petitioner's crime bears on 'whether his release is compatible with the welfare of society...' ").  While Plaintiff disagrees with the Panel's decision, other than conclusory allegations, the Complaint is void of any facts or argument to plausibly suggest that Plaintiff was denied release arbitrarily or capriciously.

Accordingly, because Plaintiff has failed to establish that he enjoyed a protected liberty interest in parole release, the alleged deficiencies in the consideration of his parole do not state a claim upon which relief can be granted under 42 U.S.C. § 1983 and is dismissed without prejudice.

**B.    Medical Claims**

Plaintiff claims that he is "totally blind" and that he did not receive any medical treatment for his eyes until 2015.[8]  Dkt. No. 2-4 at 3.  "It is well settled that, in order to

---

[8]       It is unclear what relief, if any, Plaintiff is seeking with respect to any Eighth Amendment claim.

establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show,

*inter alia*, the defendant's personal involvement in the alleged constitutional deprivation."

*Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). Thus, "a Section 1983

plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries

suffered.'" *Austin v. Pappas*, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31,

2008) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted).

       If the defendant is a supervisory official, a mere "linkage" to the unlawful conduct

through "the prison chain of command" (i.e., under the doctrine of respondeat superior) is

insufficient to show his or her personal involvement in that unlawful conduct. *See Polk Cnty.*

*v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003);

*Wright*, 21 F.3d at 501. In other words, supervisory officials may not be held liable merely

because they held a position of authority. *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).

Prior to *Iqbal*, the Second Circuit held that supervisory personnel may be considered

"personally involved" only if they (1) directly participated in the alleged constitutional violation,

(2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or

allowed to continue, a policy or custom under which the violation occurred, (4) had been

grossly negligent in managing subordinates who caused the violation, or (5) exhibited

deliberate indifference to the rights of inmates by failing to act on information indicating that

the violation was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citing

*Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)).[9] Plaintiff cannot premise Section

---

        [9]        The Second Circuit has not yet addressed how the Supreme Court's decision in *Iqbal* affected
the standards in *Colon* for establishing supervisory liability. *See Grullon v. City of New Haven*, 720 F.3d 133,
139 (2d Cir. 2013) (noting that Iqbal may have "heightened the requirements for showing a supervisor's personal
involvement with respect to certain constitutional violations" but not reaching the impact of *Iqbal* on *Colon*
because the complaint "did not adequately plead the Warden's personal involvement even under *Colon*"); *see*

1983 liability on a defendant's position in the prison hierarchy.  *See Colon*, 58 F.3d at 874.  "A prison official may be found to have had a sufficiently culpable state of mind if he participated directly in the alleged event, or learned of the inmate's complaint and failed to remedy it, or created or permitted a policy that harmed the inmate, or acted with gross negligence in managing subordinates."  *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) (citations and internal quotations omitted).

Here, the Complaint is void of factual allegations suggesting that any named defendant was personally involved in Plaintiff's medical treatment.  In the absence of factual allegations sufficient to plausibly suggest that defendants were personally involved in conduct that violated Plaintiff's constitutional rights, the complaint fails to state a cognizable claim against them and is subject to dismissal.  *See Cipriani v. Buffardi*, No. 06–CV–0889 (GTS/DRH), 2007 WL 607341, *1 (N.D.N.Y. Feb.20, 2007) ("[d]ismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff") (citation omitted).

## V.    MOTION FOR INJUNCTIVE RELIEF

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  "[T]his circuit has required a party seeking a preliminary injunction to show: (a) irreparable harm and (b) either (1) a substantial

---

*also Hogan v. Fischer*, 738 F.3d 509, 519 n.3 (2d Cir. 2013) (expressing "no view on the extent to which [*Iqbal*] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations[.]") (citing *Grullon*, 720 F.3d at 139).

likelihood of success on the merits of the claim, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35, 38 (2d Cir. 2010) (internal quotation marks omitted). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *N.Y. Civil Liberties Union v. N.Y. City Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2011). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted). "The district court has wide discretion in determining whether to grant a preliminary injunction." *Moore*, 409 F.3d at 511.

"To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *Levesque v. Clinton County,* No. 10-CV-787 (DNH/DEP), 2012 WL 6948779, at *11 (N.D.N.Y. Dec. 28, 2012) (citing *inter alia Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (holding that a preliminary injunction may not be issued to prevent an injury or harm which was not caused by the wrong claimed in the underlying action); *see also Allen v. Brown*, No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application were unrelated to claims asserted in the complaint and, thus, plaintiff "failed to establish either a likelihood of succeeding on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" him).

14

Here, Plaintiff seeks an order preventing the Parole Board from using "boilerplate" language in future decisions and from considering Plaintiff's criminal history, including the Presentence Investigation Report.[10]  Dkt. No. 2 at 1; Dkt. No. 2-1 at 1-2; Dkt. No. 2-2 at 1-2. Plaintiff also seeks to restrain the Parole Board from applying Executive Law § 259-i at future Parole Board Hearings.  *Id.*  As Plaintiff seeks a mandatory injunction, he must meet the higher standard and establish a clear or substantial likelihood of success of show that extreme or very serious damage would result in the absence of the requested relief.  *See Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995).  Construing Plaintiff's motion in the light most favorable to him as a pro se litigant, the Court finds that he has failed to substantiate any allegations of irreparable harm with evidence in admissible form.  At this juncture, Plaintiff has failed to assert any viable cause of action and all allegations in the Complaint have been dismissed.  Moreover, in his motion for injunctive relief, Plaintiff fails to provide any specific facts establishing the likelihood of success on the merits or extreme or serious damage.  For the foregoing reasons, Plaintiff's motion for preliminary injunctive relief (Dkt. No. 2) is denied.

---

[10]     To the extent that Plaintiff seeks an order of this Court directing his immediate release from civil commitment, that request is denied.  *See* Dkt. No. 2-4 at 35.   Plaintiff may seek release only in a petition for a writ of habeas corpus; he may not seek such relief in a Section 1983 suit.  *See Duncan v. Walker*, 533 U.S. 167, 176 (2001) (noting that federal habeas corpus review is used to challenge the legality of a state court order of civil commitment); *Buthy v. Comm'r of Office of Mental Health of N.Y.S.*, 818 F.2d 1046, 1051 (2d Cir. 1987) (petitioning for a writ of habeas corpus, after fully exhausting state court remedies, is the appropriate method for an individual to challenge the fact or duration of his involuntary civil commitment in a forensic unit of a psychiatric hospital) (citing*, inter alia, Souder v. McGuire*, 516 F.2d 820, 823 (3d Cir. 1975) ("There is no question about the appropriateness of habeas corpus as a method of challenging involuntary commitment to a mental institution."); *O'Beirne v. Overholser*, 287 F.2d 133, 136 (D.C. Cir. 1960) ("Habeas corpus is the traditional means of seeking release from illegal confinement.  It is the normal means in this jurisdiction of testing the legality of detention in a mental hospital, whether based on civil or criminal proceedings.")).

VI.    **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED**, that pursuant to the Court's review under 28 U.S.C. § 1915A, Plaintiff's claims are **DISMISSED without prejudice** for failure to comply with the pleading standards and state a claim; and it is further

**ORDERED** that if Plaintiff wishes to proceed with this action, he must file a signed amended complaint that cures the pleading defects identified above in this Decision and Order; and it is further

**ORDERED** that, upon Plaintiff's full compliance with this Decision and Order, the Clerk shall return the file to this Court further review; and it is further

**ORDERED** that if Plaintiff fails to fully comply with the terms of this Decision and Order **within thirty (30) days** from its filing date, the Clerk shall enter Judgment indicating that this action is **DISMISSED, without further order of this Court**, pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that, upon Plaintiff's motion for injunctive relief (Dkt. No. 2) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

Dated:        January 9, 2018
              Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge

16