UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RALPH BAKER,

                              Plaintiff,

  v.                                                        9:17-CV-1270
                                                                          (GTS/TWD)

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION, et. al.,

                              Defendants.

---

APPEARANCES:

RALPH BAKER
14-R-1962
Plaintiff, Pro se
Woodbourne Correctional Facility
99 Prison Road
PO Box 1000
Woodbourne, NY 12788

GLENN T. SUDDABY
Chief United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

      Presently before the Court is the second motion for preliminary injunctive relief filed by pro se plaintiff Ralph Baker ("Plaintiff"). Dkt. No. 6. For the reasons stated below, Plaintiff's motion is denied.

1

## II.     BACKGROUND

In November 2017, Plaintiff commenced this action with the filing of a Complaint seeking relief for the alleged violation of his constitutional rights during his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS").  Dkt. No. 1 ("Compl."), *generally*.  Plaintiff claimed that defendants, DOCCS, Commissioners of Parole Tina Stanford ("Stanford"), Joseph P. Crangle ("Crangle"), and Marc Coppola ("Coppola"), and Commissioner of Correctional Services Glenn S. Goord ("Goord"), subjected him to an unlawful Parole Board Hearing in violation of his constitutional rights and violated his Eighth Amendment rights.  *See* Compl. at 5.  In a Decision and Order filed on January 10, 2018 (the "January Order"), the Court reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.  *See* Dkt. No. 5.  Based upon that review, the Court  dismissed the Complaint for failure to state a claim upon which relief could be granted.  *See id., generally*.  In light of his pro se status, Plaintiff was afforded an opportunity to submit an amended complaint.  *See id.* at 16.

With the Complaint, Plaintiff also filed a motion for preliminary injunctive relief seeking an order preventing defendants from using "boilerplate" language in decisions and restraining defendants from considering Plaintiff's criminal history, including the Presentence Investigation Report.  Dkt. No. 2 at 1; Dkt. No. 2-1 at 1-2; Dkt. No. 2-2 at 1-2.  Plaintiff also sought to prevent defendants from applying Executive Law § 259-i at future Parole Board Hearings.  *Id.*  In the January Order, the Court denied Plaintiff's motion for injunctive relief. *See* Dkt. No. 5 at 13-15.

Presently before the Court is Plaintiff's second motion for injunctive relief.[1]  Dkt. No. 6.

## III.  DISCUSSION

The law related to preliminary injunctions was discussed in the January Order and will not be restated herein.  *See* Dkt. No. 6 at 13-14.  In the January Order, the Court denied Plaintiff's first motion for injunctive relief holding:

> Construing Plaintiff's motion in the light most favorable to him as a pro se litigant, the Court finds that he has failed to substantiate any allegations of irreparable harm with evidence in admissible form.  At this juncture, Plaintiff has failed to assert any viable cause of action and all allegations in the Complaint have been dismissed.  Moreover, in his motion for injunctive relief, Plaintiff fails to provide any specific facts establishing the likelihood of success on the merits or extreme or serious damage.

Dkt. No. 5 at 15.

In his most recent submission, Plaintiff seeks an order barring DOCCS from extending his sentence beyond his parole date and, further, for an order restraining DOCCS from using "discretion" in parole decisions and from considering factors contained in the "Parole Interview Package."  *See* Dkt. No. 6, *generally*.  The injunction sought is mandatory, thus the court will use the "clear and substantial" showing of a likelihood of success standard.

 Plaintiff's current submission suffers from the same infirmities as his prior motion.  In the January Order, the Court found that the Complaint filed by Plaintiff is insufficient and that an amended complaint must be filed for this action to proceed.  To date, Plaintiff has not filed

---

[1]  Plaintiff's motion is filed on behalf of Plaintiff and "similarly situated people, N.Y. Times Article ... Parole is Broken."  *See* Dkt. No. 6.  It is well settled, however, that a class action cannot be maintained by a pro se litigant as non-attorneys may not represent anyone other than themselves.  *Miller v. Zerillo*, 2007 WL 4898361, at *1 (E.D.N.Y. Nov. 2, 2007) (citing cases and recommending denial of class certification without prejudice until an attorney makes an appearance); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998); 28 U.S.C. § 1654.

3

an amended pleading.[2]  Without a valid complaint, Plaintiff can not possibly establish that his claim has a likelihood of success on the merits of the claim or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief.  Therefore, the Court denies Plaintiff's motion for injunctive relief without prejudice to file a new motion after Plaintiff has filed an amended complaint and it has been accepted by Order of this Court.  In light of his pro se status, the Court affords Plaintiff an additional thirty days to comply with the January Order.

For the foregoing reasons and the reasons set forth in the January Order, Plaintiff's second motion for preliminary injunctive relief is denied in its entirety.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's second motion for injunctive relief (Dkt. No. 6) is **DENIED**; and it is further

**ORDERED** that Plaintiff is granted an additional thirty days from the filing date of the within Decision and Order to comply with the January Order; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

Dated: February 12, 2018
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[2] As an exhibit to the motion, Plaintiff annexed a copy of the original Complaint.  *Compare* Compl. *with* Dkt. No. 6-2.